# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GREAT PLAINS NATIONAL BANK** <br> **a Corporation,** <br> Plaintiff, <br><br> v. <br><br> **STARNET INSURANCE COMPANY** <br> Defendant. | § § § § § § § § § § § | Civil Action No.   CIV-22-190-JD <br> _____ |

## DEFENDANT STARNET INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendant StarNet Insurance Company ("StarNet"), pursuant to 28 U.S.C. §§ 1441, 1446, respectfully petitions this Court for removal of the above-entitled action from the District Court of Beckham County, Oklahoma, to the United States District Court for the Western District of Oklahoma. Plaintiff has obtained default judgment on its First Cause of Action, leaving StarNet, a foreign corporation, the only defendant in this case. Therefore, complete diversity exists and StarNet hereby files this Notice of Removal.

## **PROCEDURAL HISTORY**

1. This action, originally entitled *Great Plains National Bank v. Windgate Apartments, LLC, et. al.*, pending in the District Court of Beckham County, Oklahoma, Case No. CJ-2018-167, was commenced against StarNet via the filing of Plaintiff's Second Amended Petition on or about October 18, 2019. Ex. 5.

2. StarNet was served on October 24, 2019 and timely removed the case to this Honorable Court on November 13, 2019, alleging this Court had jurisdiction under the doctrine of fraudulent misjoinder.

3. Plaintiff alleges causes of action against StarNet for breach of contract and breach of the common law duty of good faith and fair dealing. Plaintiff seeks actual damages plus attorneys' fees and court costs. *Id*. at 6-9.

4. Plaintiff alleges a single cause of action, seeking foreclosure, against each of the other defendants, seeking judgment *in personam* claims against Windgate Apartments, LLC, Harpreet Singh, Baldev Singh Gundu, and Pardeep Singh, and *in rem* against all other defendants. *Id*. at 1-6.

5. Because the Tenth Circuit had not adopted the doctrine of fraudulent misjoinder, this Court issued its Order remanding the case to the District Court for Beckham County, Oklahoma on August 23, 2021. Ex. 7.

6. On February 2, 2022, Judge Jill C. Weedon of the District Court for Beckham County, Oklahoma issued a Journal Entry of Judgment, granting judgment on Plaintiff's First Cause of Action. This Journal Entry of Judgment had the effect of resolving Plaintiff's claims against all defendants other than StarNet. Therefore, as of February 2, 2022, the only parties to this case are Plaintiff and StarNet. Ex. 14.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the state court where this suit has been pending is located in this district and division.

## CITIZENSHIP OF THE PARTIES

8. Plaintiff is a corporation organized and existing under the laws of the state of Oklahoma and having its principle place of business in Oklahoma. Therefore, Plaintiff is a citizen of the State of Oklahoma.

9. StarNet is a corporation organized under the laws of the State of Iowa with its principle place of business in the State of Iowa. StarNet is now, and was at the time this action was commenced, a citizen of Iowa. Thus, Plaintiff and StarNet are diverse.

10. Defendant Windgate Apartments, LLC answered and judgment was rendered against it in the amount of $783,613.62 to be satisfied from a foreclosure sale of the real property at issue. Ex.14 §§ 1, 17, 25. The Journal Entry of Judgment was approved by Windgate Apartments, LLC's attorney, Haley Simmoneau. Therefore, Windgate Apartments, LLC has no further role in this case and its citizenship can be disregarded.

11. Defendants Harpreet Singh, Baldev Singh Gundu, and Pardeep Singh have defaulted and judgment was rendered against them in the amount of $783,613.62 to be satisfied from a foreclosure sale of the real property at issue. Ex.14 §§ 2-3, 17, 25. Therefore, they have no further role in this case and their citizenship can be disregarded.

12. Defendants Jennifer Drury, County Treasurer of Beckham County, Oklahoma and The Board of Commissioners of Beckham County, Oklahoma were served and judgment was rendered against them *in rem*. Ex.14 §§ 4, 17. Therefore, they have no further role in this case and their citizenship can be disregarded.

13. Defendants Ready Cable, Inc., Ferguson Enterprises, Inc., Dana Busby d/b/a Dana Busby's Plumbing, and Blackstone Construction, Inc. have disclaimed any and all right, title, or interest in the real property which was the subject of Plaintiff's Second Amended Petition and judgment has been granted against them in rem. Ex.14 §§ 5-8, 17. Therefore, they have no further role in this case and their citizenship can be disregarded.

14. Defendants AZ Industries, LLC, Marvin White d/b/a White's General Contractors, Leroy Diggles, and Steel Diggles Contractors and Company, Inc. have defaulted and judgment

was rendered against them *in rem*. Ex.14 §§ 9-12, 17. Therefore, they have no further role in this case and their citizenship can be disregarded.

15. Because the only parties remaining in this case, Plaintiff and StarNet, are completely diverse, removal is proper under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

16. Plaintiffs' Second Amended Petition affirmatively states that "Plaintiff seeks judgment against Defendant StarNet Insurance Company for actual damages in excess of Seventy-Five Thousand Dollars ($75,000), punitive damages in excess of Seventy-Five Thousand Dollars ($75,000), attorneys' fees, court costs, and for such other and further relief the Court and Jury deems just and equitable." Ex. 5 at 9. Therefore, the amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1332(a).

## TIMELINESS

17. StarNet was first served on October 24, 2019 and timely removed this case on November 13, 2019. At the time StarNet filed its Notice of Removal, this case had been pending in state court 20 days.

18. 193 days have elapsed since this case was remanded on August 23, 2021.

19. Thus, this case has been pending in state court for 213 days. Therefore, this Notice of Removal is within the time limitation in 28 U.S.C. § 1446(c).

20. Further, this case became removable on February 2, 2022 when the state court entered its Journal Entry of Judgment. Because this Notice of Removal is filed within 30 days of the date of the Journal Entry of Judgment, it is timely under 28 U.S.C. § 1446(b).

## DIVERSITY

21. There exists complete diversity between the parties as a result of the Journal Entry of Judgment that granted judgment against all defendants other than StarNet. The Journal Entry of

Default was the result of Plaintiff's conscious decision to obtain default judgment and proceed with the foreclosure sale.

22. A judicially recognized exception to the complete diversity requirement, known as the voluntary-involuntary rule,[1] applies in this case. The voluntary-involuntary rule is a long recognized exception that provides that a case can become removable through the actions of the Plaintiff. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967). Long recognized as a leading case on the voluntary-involuntary rule, *see De Bry v. Transamerica Corp.*, 601 F.2d 480, 487-88 (10th Cir. 1979), the *Weems* Court recognized that the purpose of the voluntary-involuntary rule is designed to avoid the situation "which would result if a resident defendant was dismissed on an appealable ground, the nonresident defendant was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Weems*, 380 F.2d at 546; *see also, Quinn v. Aetna Life & Cas. Co.*, 616 F.2d 38, 40 n.2 (2nd Cir. 1980) ("The purpose of this distinction is to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal producing renewed lack of complete diversity in the state court action, a result repugnant to the requirement in 28 U.S.C. § 1441 that an action, in order to be removable, be one which could have been brought in federal court in the first instance.") (internal citations removed); *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). In reviewing the rule and leading treatises on the subject, the Tenth Circuit noted that "the underlying policy problem is avoidance of manipulation of a jurisdictional change by a defendant." *De Bry*, 601 F.2d at 488.

23. There is no risk of reversal on appeal where the state court undertook a thorough analysis at the attempts at service and concluded that all methods of due process to which the non-

---

[1] Although called the voluntary-involuntary rule, the use of the term "voluntary" is imprecise and does not fully capture the purpose and function of the rule. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 n.3 (7th Cir. 1992).

diverse defendants were entitled were satisfied. Nor is there any risk that Windgate Apartments, LLC could appeal, its attorney acquiesced in the judgment.

24. The rationale underpinning the voluntary-involuntary rule demonstrate why its application in this case supports federal jurisdiction.

## ATTACHMENTS

25. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon StarNet in the state court action are attached to this notice.

## NOTICE TO STATE COURT

26. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the District Court of Beckham County, Oklahoma.

## JURY DEMAND

27. Pursuant to Federal Rule of Civil Procedure 38, StarNet demands a trial by jury.

## PRAYER

WHEREFORE PREMISES CONSIDERED, StarNet respectfully gives notices that this state court action has been removed and placed on this Court's docket for further proceedings. StarNet further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Lisa M. Wilson*
**LISA M. WILSON**
OBA # 33691
Attorney for Defendant StarNet Insurance Company
Wilson Elser Moskowitz Edelman & Dicker, LLP
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
Telephone: (214) 698-8000
Fax: (214) 698-1101
Email: lisa.wilson@wilsonelser.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 4th day of March, 2022.

Mark W. Albert
P.O. Box 1748
Elk City, OK 1748
Attorney for Great Plains National Bank

Joe E. White, Jr.,
Charles C. Weddle III
630 NE 63rd Street
Oklahoma City, OK 73105
Attorneys for Great Plains National Bank

*/s/ Lisa M. Wilson*
**Lisa M. Wilson**